EDWARDS, Senior Circuit Judge,
concurring in the judgment:
Abdul al Qader Ahmed Hussain was a teenager when he was taken into custody and sent to Guantanamo Bay. He has been confined in Guantanamo Bay for eleven years. His petition for habeas relief should be granted, but his claim is doomed to fail because of the vagaries of the law.
Under the applicable law, the President is authorized to detain individuals who “planned, authorized, committed, or aided the terrorist attacks that occurred on September 11, 2001, or harbored such ... persons.” Authorization for the Use of Military Force, Pub. L. No. 107-40, § 2(a), 115 Stat. 224 (2001). The Government cannot plausibly contend that Hussain planned, authorized, or committed terrorist attacks. The only real question in this case is whether Hussain “aided” those who engaged in terrorist attacks. I can find no evidence of this in the record before the court.
To hold a detainee at Guantanamo, we have required that the Government show, by a preponderance of the evidence, that the detainee was a “part of’ al Qaeda, the Taliban, or associated forces at the time of his capture. See Al-Adahi v. Obama, 613 F.3d 1102, 1105 (D.C.Cir.2010) (“Although we doubt ... that the [Constitution] requires the use of the preponderance standard, we will not decide the question in this case. As we [have done previously], we will assume arguendo that the government must show by a preponderance of the evidence that [the detainee] was part of al-Qaida.”). Under the preponderance of the evidence standard, “the factfinder must evaluate the raw evidence, [and] find[] it to be sufficiently reliable and sufficiently probative to demonstrate the truth of the asserted proposition with the requisite degree of certainty.” Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal., 508 U.S. 602, 622, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993). The evidence in this case may satisfy the lesser substantial evidence standard, see Dickinson v. Zurko, 527 U.S. 150, 162, 119 S.Ct. 1816, 144 L.Ed.2d 143 (1999) (the substantial evidence standard requires a reviewing court “to ask whether a reasonable mind might accept a particular evidentiary record as adequate to support a conclusion”), but it does not meet the preponderance of the evidence test.
The result in this case is unsurprising because, in my view, it fits the mold of a number of the decisions of this court that have recited the “preponderance of the evidence” standard while in fact requiring nothing more than substantial evidence to deny habeas petitions. I do not mean to sound self-righteous in offering this observation — it is merely my considered judgment. In truth, the Guantanamo detainee *972 cases have presented extraordinary challenges for the judiciary. This reality has drawn rueful commentary in judicial opinions, scholarly articles, speeches by members of the Legislative Branch, pronouncements from the Executive Branch, and media reports. Any knowledgeable person who looks carefully at the applicable legislative enactments and the Supreme Court decisions affecting Guantanamo detainees, and the resulting progeny of district court and court of appeals opinions, will comprehend how the preponderance of the evidence and substantial evidence standards have come to be conflated. I think it is important to at least acknowledge what is happening in our jurisprudence.
The facts relied upon by the Government in this case are quite simple. (I have blocked the statement of facts merely to highlight it, not to suggest that it is quoted material.)
Sometime in 1999, when he was a teenager, Hussain left his home in Yemen and headed for Pakistan. He initially spent a few weeks in Karachi and then traveled to Quetta, where he stayed for about three months. While in Quetta, he lived in a mosque run by the Jama’at al-Tablighi (“JT”) organization. There is nothing to indicate that he was a part of the organization. From Quetta, Hus-sain traveled to Afghanistan, where he spent approximately three months. After that, Hussain returned again to a JT mosque in Quetta in April or May of 2000 until about June, when he left for Kabul, Afghanistan. There is nothing to indicate what he did during his brief stay at the mosque. In approximately August 2000, he returned once again to Quetta for another three-month stay at a JT mosque. Again, there is nothing to indicate what he did during his brief stay at the mosque. Then in November 2000, Hussain moved to Afghanistan where he remained for ten months in an area north of Kabul not far from where the Taliban and the Northern Alliance had engaged in battles. Hussain lived near the front lines with three fellow Arabic speakers who were Taliban guards. Hussain’s housemates supplied him with an AK-47 rifle and trained him in its use. However, there is nothing to indicate that Hussain used the weapon for any purpose; there is nothing to indicate that he even carried the gun around with him while residing in the area north of Kabul; and there is nothing to indicate that he ever engaged in any acts of war or terrorism during his temporary residence in the area north of Kabul. Indeed, there is no evidence that Hussain ever engaged in any acts of war or terrorism. When al Qaeda attacked the United States on September 11, 2001, Hussain was on his way from Afghanistan to Pakistan, where he lived at yet another JT mosque in Lahore. Again, there is not one iota of evidence as to what he did while at the mosque. Hussain wandered around for a brief time between September 2001 and March 2002, but there is nothing to indicate that he was affiliated with enemy forces or engaged in acts of war or terrorist activities. He was taken into custody in Faisalabad in March 2002 and was transferred to Guantanamo Bay soon thereafter.
That’s it.
The majority invokes the “walks like a duck” test to conclude that the evidence “at least invites — and may very well compel — the conclusion that [Hussain] was loyal to [enemy] forces.” This is not a proper application of the preponderance of the evidence test with respect to the matter in dispute. And it is quite invidious because, arguably, any young, Muslim man traveling or temporarily residing in areas in which terrorists are known to operate would pass the “duck test.” That is exactly why the court should faithfully apply the *973 proper evidentiary standard. Hussain says that he was given a weapon for his own self-protection. The Government does not contend nor did the District Court find that Hussain carried the weapon around with him during his stay in the area north of Kabul or that he used the weapon for any purpose; nor does the Government contend that Hussain ever joined with enemy forces on the front lines. Therefore, without more, the fact that Hussain moved to Afghanistan where he remained for ten months in an area north of Kabul is not “sufficiently reliable and sufficiently probative to demonstrate the truth of the asserted proposition with the requisite degree of certainty” that Hussain “planned, authorized, committed, or aided the terrorist attacks that occurred on September 11, 2001.” Concrete Pipe, 508 U.S. at 622, 113 S.Ct. 2264 (emphasis added).
The majority also concludes that the District Court did not commit clear error in finding that “Hussain’s continued affiliation with enemy forces after leaving Afghanistan” was sufficient to make out the case against him. But in doing so, the majority implicitly shifts the burden of proof from the Government to Hussain. Under the approach adopted by the majority, Hussain’s petition is rejected because he could not offer a coherent story about his whereabouts during the times in question, not because the Government proved by a preponderance of the evidence that he was “part of’ al Qaeda, the Taliban, or associated forces. Respectfully, this is not an appropriate application of the preponderance of the evidence standard. It was the Government’s burden to show that Hussain “planned, authorized, committed, or aided the terrorist attacks that occurred on September 11, 2001,” and this burden was not met by Hussain’s failure to explain his whereabouts. Hussain is not presumed to be guilty under the applicable law merely because he was taken into custody and transferred to Guantanamo.
Is it really surprising that a teenager, or someone recounting his teenage years, sounds unbelievable? What is a judge to make of this, especially here, where there is not one iota of evidence that Hussain “planned, authorized, committed, or aided the terrorist attacks that occurred on September 11, 2001, or harbored such ... persons”? I do not mean to suggest that a teenager cannot be a terrorist or an enemy combatant or that, if so, he should get a pass because of his age. Rather, the salient point is quite simple: the burden of proof was on the Government to make the case against Hussain by a preponderance of the evidence. In my view, it failed to carry this burden.
This said, I am constrained by the law of the circuit to concur in the judgment of the court. The majority opinion is unassailable in holding that our precedent (which conflates the preponderance of the evidence and substantial evidence standards) supports the result reached. I have no authority to stray from precedent. However, when I review a record like the one presented in this case, I am disquieted by our jurisprudence. I think we have strained to make sense of the applicable law, apply the applicable standards of review, and adhere to the commands of the Supreme Court. The time has come for the President and Congress to give serious consideration to a different approach for the handling of the Guantanamo detainee cases.